IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC J. TALLEY, | : | CIVIL ACTION |
| | : | NO. 93-3060 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                   November 10, 2016

In the early 1990s, pro se plaintiff Eric Talley ("Plaintiff" or "Talley") filed numerous lawsuits in this District complaining that his former employer, Defendant Southeastern Pennsylvania Transit Authority ("SEPTA"), wrongfully terminated his employment as a conductor and then entered into a conspiracy with the United Transportation Union ("UTU"), SEPTA's public employee union, to block Talley's union activities.[1]

Currently before the Court is Plaintiff's motion for leave to file a petition for a writ of mandamus. For the reasons that follow, the Court will deny this motion.

---

[1] These lawsuits include Civil Action Nos. 93-0050, 93-2857, 93-3060, 93-4314, 94-5574, 94-5576, 94-5840, 95-2148, 95-7955, 98-1205, 98-6776.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Prior to his passing, this case was before the Honorable Herbert J. Hutton.[2] In a related case, Judge Hutton described the pertinent facts of Talley's lawsuits as follows:

> Talley claims he was subject to two separate disciplinary proceedings. The first was in early March, 1991, and resulted in a fifteen day suspension, later reduced to five days. The second proceeding, in September of 1992, culminated in Talley's termination.
>
> SEPTA maintains that it terminated Talley because he failed to complete his work assignment at the Philadelphia Suburban Station and was instead doing non-SEPTA activities on an entirely different train platform. SEPTA argues that Talley's conduct was in violation of his job description, pursuant to the employee handbook, and that his subsequent remedies are governed by the UTU-SEPTA collective bargaining agreement ("CBA").
>
> Talley properly grieved both of his suspensions to UTU. The union took Talley's grievance to a hearing. According to SEPTA, Talley's appeals before the Special Board of Adjustment, the third layer of the CBA appeal process, are still pending. Notwithstanding the ongoing grievance procedures, Talley filed a 150 page pro se complaint [on January 6, 1993] against SEPTA and its officers.

Talley v. Se. Pa. Transp. Auth., No. 93-0050, 1993 WL 184028, at *1 (E.D. Pa. May 25, 1993) ("Talley I").

Talley filed his initial complaint in this case, No. 93-3060, on June 8, 1993. ECF No. 1. Judge Hutton summarized the procedural history of this case as follows:

---

[2] The case was reassigned to the Honorable Eduardo C. Robreno on September 21, 2016.

> The defendants moved to dismiss Talley's January 6, 1993 complaint, arguing that his federal action was barred because he failed to exhaust his administrative remedies. Agreeing with the defendants that the plaintiff had failed to exhaust his administrative remedies, the Court, after converting the defendants' motion to dismiss into a motion for summary judgment, entered final judgment in favor of the defendants.
>
> On June 8, 1993, the plaintiff filed another action in this Court against the moving defendants and UTU based upon his discharge. On June 21, 1993, he filed an amended complaint, which did not contain any additional counts or parties. In his seven-count complaint, Talley again challenges the substantive and procedural propriety of his discharge. He seeks to allege causes of action under the Fourteenth Amendment, the Railway Labor Act, 42 U.S.C. §§ 1981, 1983, 1985 and 1988, and Pennsylvania's Administrative Agency Law.
>
> On July 15, 1993, the moving defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). They raised three arguments in support of their motion to dismiss: (1) the plaintiff's claims are barred by the doctrine of res judicata; (2) the plaintiff has failed to exhaust his administrative remedies; (3) the plaintiff has failed to state a claim upon which relie[f] may be granted. By Order dated October 15, 1993, this Court converted the moving defendants' motion to dismiss into a motion for summary judgment. Neither the plaintiff nor the moving defendants accepted this Court's invitation to file supplemental briefs or other papers.

ECF No. 17.[3]

On November 30, 1993, Judge Hutton granted the Defendants' motion for summary judgment in this case on the basis that "there is no genuine issue of material fact as to

---

[3] This memorandum and order was published as Talley v. Se. Pa. Transp. Auth., et al., No. 93-3060, 1993 WL 496702 (E.D. Pa. Nov. 30, 1993) ("Talley II").

3

whether the plaintiff has exhausted his administrative remedies," and therefore "the Court's final judgment in Talley I bars Talley's present action against the moving defendants." Id. at *4.

On December 10, 1993, Talley moved for a rehearing and injunctive relief. ECF No. 18. Subsequently, he moved in the nature of a writ of mandamus to compel SEPTA to reinstate his employment. ECF No. 19. The Court denied both of these motions in a memorandum and order dated February 25, 1994, finding that "[t]here has been no intervening change of law as to the issues decided by this Court in its November 30, 1993 Memorandum and Order and the [plaintiff] has not offered 'new evidence' that was previously unavailable."[4] ECF No. 28.

Talley thereafter filed a motion for rehearing to vacate certain orders, ECF No. 29, which Judge Hutton denied in an order dated April 22, 1994, ECF No. 34. Undeterred, Talley then filed a motion for declaratory judgment, a status quo injunction, and a writ of mandamus compelling SEPTA to reinstate Plaintiff. ECF No. 36. Judge Hutton denied all of these requests

---

[4]  This memorandum and order was published as Talley v. Se. Pa. Transp. Auth., No. 93-3060, 1994 WL 59363 (E.D. Pa. Feb. 25, 1994). On the same day, Judge Hutton filed a memorandum and order in a related case, noting similarly that "Talley's conclusory assertions to the contrary notwithstanding, SEPTA and UTU have consistently maintained that they are willing to arbitrate Talley's grievance in accordance with the collective bargaining agreement." Talley v. Se. Pa. Transp. Auth., No. 93-4314, 1994 WL 59361 (E.D. Pa. Feb. 25, 1994) ("Talley III").

4

in a memorandum and order dated August 5, 1994. ECF No. 45. Talley filed a notice of appeal on August 9, 1994, ECF No. 47, and then continued to file various motions designed to convince Judge Hutton to reconsider his previous rulings. After Judge Hutton denied these motions and granted Defendants' cross-motion for summary judgment on November 23, 1994, see ECF No. 61, Talley filed another notice of appeal, ECF No. 62.

This case was formally closed on December 7, 1994. On April 18, 1995, the Third Circuit affirmed the August 5, 1994 judgment of the district court. ECF No. 66. On August 30, 1996, the Third Circuit affirmed the November 23, 1994 judgment of the district court. ECF No. 73.

Following additional motion practice that lasted over five years, Judge Hutton entered an order dated January 5, 2000 denying a motion that Talley filed on July 7, 1999 to alter or amend judgment. ECF No. 91. Judge Hutton's January 5, 2000, order further provided as follows:

> IT IS HEREBY FURTHER ORDERED that to protect the integrity of the courts, and Defendants from further harassment by frivolous litigation initiated by Talley, the Court issues the following injunctions: (1) The Court enjoins Talley, or any entity acting on his behalf, from filing any action in any court, state or federal against Defendants named in the instant action or related actions, without first obtaining leave of this Court; (2) The Court enjoins Talley, or any entity acting on his behalf, from filing any new action or proceeding in any federal court, without first obtaining leave of this Court; (3) The Court enjoins Talley, or any entity acting on his behalf,

5

> from filing any further papers in any case, either pending or terminated, in the Eastern District of Pennsylvania, without first obtaining leave of this Court; The Court ORDERS the clerk of court to refuse to accept any submissions for filing except petitions for leave of the court, unless such submissions for filing are accompanied by an order of this Court granted leave. In the event Talley succeeds in filing papers in violation of this Order, upon such notice, the clerk of court shall, under authority of this Court's Order, immediately and summarily strike the pleadings or filings.
>
> Leave of court shall be forthcoming upon Talley demonstrating through a properly filed petition, that the proposed filing: (1) can survive a challenge under the Federal Rule of Civil Procedure 12; (2) is not barred by principles of claim or issue preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Federal Rule of Civil Procedure 11.
>
> The Court ORDERS Talley to attach a copy of this Order and Injunction to any such petition for leave of court.

ECF No. 91.

On September 10, 2004, Talley filed three petitions for leave to challenge this injunction and the outcome of this case generally. ECF Nos. 92, 93, 94. These motions were evidently never addressed.[5]

On August 19, 2016, Talley filed a motion for leave to file a petition for a writ of mandamus. ECF No. 95. On September 21, 2016, the Clerk of Court entered an order reassigning this case from the late Judge Hutton's docket to this Court's docket. ECF No. 96.

---

[5] Judge Hutton passed away on April 8, 2007.

On September 28, 2016, this Court issued a rule for Talley to show cause why Judge Hutton's order dated January 5, 2000, enjoining him from, inter alia, filing any further papers in this case, should not be enforced. ECF No. 97. The rule was returnable at a hearing that the Court held on October 28, 2016.

## II. RULE TO SHOW CAUSE

### A. Legal Standard

> [T]he All Writs Act, 28 U.S.C. § 1651(a), authorizes district courts to, among other things, restrict the access to federal courts of parties who repeatedly file frivolous litigation. The Third Circuit has approved the issuance of "an injunction to require litigants to obtain the approval of the court before filing further complaints." An injunction that limits a party's access to the court, however, "is an extreme remedy which must be narrowly tailored and sparingly used."

Mallon v. Padova, 806 F. Supp. 1189, 1192–93 (E.D. Pa. 1992) (citations omitted) (quoting Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990)). The Third Circuit has specified which types of situations warrant the "sparing[] use[]" of an injunction limiting court access:

> [A] frivolous complaint is one thing; a continuing abuse of process is another. In the case of the latter, section 1915(d) alone is not an efficacious remedy. When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.

\* \* \*

7

> [W]hen a district court concludes that a litigant has abused the judicial process by filing a multitude of frivolous § 1983 cases in a relatively brief period of time and will continue to file such cases unless restrained, we hold that the court may enter an injunction directing that the litigant not file any section 1983 claims without leave of court and that in seeking leave of court, the litigant certify (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal courts, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law.

Abdul-Akbar, 901 F.2d at 333. The Third Circuit endorses the use of injunctions to address "the problems occasioned by pro se litigants who persist in filing great numbers of frivolous lawsuits" because these injunctions "strike[] a good balance between the right of the litigant to access to the courts, the right of parties to previous litigation to enjoy the repose of res judicata, and the right of taxpayers not to have a frivolous litigant become an unwarranted drain on their resources." In re Packer Ave. Assocs., 884 F.2d 745, 748 (3d Cir. 1989).

    B.    Discussion

In this Court's view, Judge Hutton's January 5, 2000, order is precisely the sort envisaged by the Third Circuit in Abdul-Akbar, 901 F.2d at 333. Judge Hutton filed his order not only over five years after the case was formally closed, but also after the Third Circuit had twice affirmed Judge Hutton's

8

final judgments in the case. As is apparent from the lengthy docket, Talley had ample opportunity to be heard, and his decision to file "a multitude of frivolous § 1983 cases in a relatively brief period of time" can be understood only as "a continuing abuse of process." Abdul-Akbar, 901 F.2d at 333. Judge Hutton's order is not only appropriate given the circumstances of this case, but it is also properly tailored to clearly state where, how, and exactly to what its restrictions apply. Cf. In re Packer Ave. Assocs., 884 F.2d at 746 (modifying injunction that was overbroad because it did "not clearly state whether it enjoins appellant from filing any further documents solely in matters related to this case, in matters in federal court, or, for that matter, in any matter in any court anywhere").

      Further, the Court finds that the claims contained within Talley's proposed petition are not any different from the claims he has filed multiple times before. The rule to show cause issued on September 28, 2016 specifically instructed Talley to explain "how the proposed petition for a writ of mandamus raises issues that are factually or legally distinct from the issues raised in Plaintiff's earlier filings in this and all other cases he has filed challenging his discharge of employment by his previous employer." ECF No. 97. At the hearing on this rule held on October 28, 2016, Talley repeatedly

9

asserted that Defendants had denied him access to administrative remedies, and thus that he had been unable to exhaust those remedies. However, Talley already litigated this question before Judge Hutton over twenty years ago. At that time, Judge Hutton concluded--more than once--that Talley was "barred from relitigating the issue of whether his failure to exhaust available administrative remedies prevented him from proceeding in district court." ECF No. 28; see also Talley III, 1994 WL 59361 at *1 (addressing Talley's allegation "that SEPTA and the UTU have repudiated the grievance procedure and that he should not be required to exhaust his contractual remedies because it would be futile to do so," and concluding that "Talley is barred from relitigating the exhaustion issue in the present case."); Talley II, 1993 WL 496702 at *4 ("The plaintiff was, of course, a party to Talley I and had a full and fair opportunity to litigate the question of exhaustion. In Talley I, this Court ruled that the plaintiff had failed to exhaust his administrative remedies and accordingly, he was precluded from bringing suit in district court. That conclusion is controlling in this case.").

      Accordingly, the Court finds that Talley's motion does not meet the criteria Judge Hutton outlined in order for Talley to be granted leave of court. In particular, Talley has failed to show that his proposed petition is "not repetitive" and "not

barred by principles of claim or issue preclusion." ECF No. 91. The Court is also skeptical that Talley's proposed petition would be able to "survive a challenge under the Federal Rule of Civil Procedure 12," ECF No. 91, particularly in light of Judge Hutton's previous finding that "Talley's conclusory assertions to the contrary notwithstanding, SEPTA and UTU have consistently maintained that they are willing to arbitrate Talley's grievance in accordance with the collective bargaining agreement," Talley III, 1994 WL 59361 at *3. Talley has failed to show that any new evidence or intervening change in the law might alter this finding.

### III. CONCLUSION

For the foregoing reasons, the Court will enforce Judge Hutton's January 5, 2000, order and deny Talley's motion for leave to file a petition for a writ of mandamus.

An appropriate order follows.